UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE SELVIN VASQUEZ,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION CENTER, *et al.*,<br><br>　　　　Respondents. | Case No.  1:26-cv-04626   (VC)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Re: Dkt. Nos. 1, 2 |

This matter is before the Court on Petitioner's writ of habeas corpus and motion for a temporary restraining order. For the reasons that follow, the Petition is dismissed and the motion for injunctive relief is DENIED.

## I.　BACKGROUND

Petitioner is a native and citizen of Guatemala, who was granted asylee status on April 19, 2017. Dkt. No. 7-1 at 2. His application for permanent legal status was subsequently denied. *Id*. On February 8, 2019, Petitioner was convicted of battery in violation of Florida Statute 784.03(1). Dkt. No. 7-2 at 1. Though not clearly stated in the criminal records submitted by Respondents, it appears Petitioner was sentenced to 994 days in prison based on this conviction. *Id*. at 2.

Petitioner was arrested for possession of marijuana on or around January 28, 2026, and was subsequently turned over to Immigrations and Customs Enforcement ("ICE") by local law enforcement. Dkt. No. 7-1 at 2. Following Petitioner's arrest, ICE issued a Notice to Appear charging him with being subject to removal under Immigration and Nationality Act ("INA")

section 237(a)(2)(A)(iii), as having been convicted of an aggravated felony as defined by section 101(a)(43)(F) of the INA. Dkt. 7-3 at 1. Petitioner's removal proceedings remain pending. *See* Dkt. No. 7 at 2.

## II.     DISCUSSION

Petitioner challenges his continued detention on the grounds that he is being unlawfully detained under the INA, and that his prolonged detention without an individualized bond hearing—which has now surpassed five months—violates due process. Dkt. No. 1 at 6–7. Respondents contend that the Petition should be denied for three reasons. First, referring to Petitioner's battery conviction and prison sentence, Respondents argue that he is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B), as he is deportable for being convicted of a crime of violence as defined by 8 U.S.C. § 1101(a)(43)(F). Dkt. No. 7 at 2–3. Second, they argue that the Petition must be dismissed because Petitioner has not exhausted his remedies by requesting a bond hearing where an immigration judge may assess the applicability of § 1226(c). *Id*. at 5–7. Finally, Respondents argue that Petitioner's detention has not become unconstitutionally prolonged. *Id*. at 3–4.

### A.     Exhaustion

The Court need not reach the question of whether Petitioner is properly detained under § 1226(c)(1)(B) because Petitioner has not exhausted his administrative remedies with respect to the applicability of that statute. Section 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus." *Laing v. Ashcroft*, 370 F.3d 994, 997 (9th Cir. 2004). However, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815

(9th Cir. 2007) (internal citation and quotation marks omitted).

Here, 8 U.S.C. § 1226(c) "carves out a statutory category of [noncitizens] who may *not* be released under § 1226(a)," mandating detention for a noncitizen "who falls into one of several enumerated categories involving criminal offenses." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis in original). At a Joseph hearing, Petitioner "may avoid mandatory detention by demonstrating that he is not [a noncitizen], was not convicted of the predicate crime, or that the INS is otherwise substantially unlikely to establish that he is in fact subject to mandatory detention." *See Demore v. Kim*, 538 U.S. 510, 514 n.3 (2003) (citing 8 C.F.R. § 3.19(h)(2)(ii) (2002)). The Joseph hearing process enables Petitioner to challenge his mandatory detention under § 1226(c), and the immigration court has the expertise necessary to develop the record and reach a proper decision—a step which appears necessary here, as Petitioner contends in his reply brief that Respondents have not met their burden of establishing his predicate conviction. Dkt. No. 11 at 3. Additionally, a Joseph hearing will allow DHS to correct its own mistakes, and avoid judicial review, if in fact Petitioner's conviction does not support detention under § 1226(c).

Accordingly, Petitioner's claim for violation of the INA is dismissed for failure to exhaust his administrative remedies. *See Buckley v. Chestnut*, No. 1:26-CV-02624-DAD-JDP, 2026 WL 1030931, at *2–4 (E.D. Cal. Apr. 16, 2026) (court declined to waive the prudential exhaustion requirements because petitioner's appeal of his Matter of Jospeh hearing was pending).

## B.    Due Process

 For purposes of analyzing Petitioner's due process claim, this Court assumes that Petitioner is detained pursuant to § 1226(c). "The Supreme Court has not directly addressed the constitutionality of prolonged detention in the context of an as-applied challenge to 8 U.S.C. § 1226(c) … however, "[n]umerous district courts … have found that unreasonably long detention periods may violate the due process clause." *Hernandez v. Lundy*, No. 1:25-CV-02007-SKO (HC), 2026 WL 102292 (E.D. Cal. Jan. 14, 2026) (collecting cases). Judges have reached

different conclusions about what standards ought to govern as-applied challenges to prolonged, mandatory detention under 8 U.S.C. § 1226(c), with factors such as the length of detention, whether the detention is likely to continue, and the reasons for the delay among items considered amongst the plethora of different balancing tests. *See generally Keo v. Warden of the Mesa Verde Ice Processing Ctr.*, Case No. 1:24-CV-00919, 2025 WL 1029392, at *5 (E.D. Cal. Apr. 7, 2025) (summarizing precedents), *appeal dismissed sub nom. Keo v. Warden*, No. 25-3546, 2025 WL 2528945 (9th Cir. June 27, 2025).

Regardless of which test the Court applies here, Petitioner has not shown that his detention, which is mandatory by statute, has become unconstitutional as applied to him. On this record, it appears the only fact Petitioner relies on is that his detention has now reached five months. As evidenced by the various balancing tests considering different factors, such as the indefiniteness of the detention and cause of the delay, the duration of detention, standing alone, is generally not enough to justify relief from 8 U.S.C. § 1226(c) detention. *See Gonzalez v. Bonnar*, No. 18-CV-05321-JSC, 2019 WL 330906, at *2 (N.D. Cal. Jan. 25, 2019) ("Although Petitioner continues to insist on a bright-line rule that detention beyond 6-months is constitutionally impermissible, the Supreme Court's decision in *Jennings* establishes there is no such bright-line rule."). Indeed, Courts in this district have denied habeas relief for individuals' whose detention far exceeded five months.  *See, e.g.*, *Carlos A.C.J. v. Warden of the Mesa Verde Det. Facility*, No. 1:26-CV-04434-MWJS, 2026 WL 1752066, at *2 (E.D. Cal. June 17, 2026) (concluding that detention of approximately seven and a half months under 8 U.S.C. §1226(c) did not violate due process); *Keo*, 2025 WL 1029392, at *6–8 (concluding that twenty-two-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Oth v. Chestnut*, No. 1:25-CV-01367-KES-HBK (HC), 2026 WL 323053, at *5–8 (E.D. Cal. Feb. 6, 2026) (concluding that fourteen-month detention under 8 U.S.C. § 1226(c) did not violate due process); *Daley v. Andrews*, No. 1:25-CV-00922-KES-CDB (HC), 2026 WL 101840 (E.D. Cal. Jan. 14, 2026) (concluding that seventeen-month detention under 8 U.S.C. § 1226(c) did not violate due process).

The fact that Petitioner's detention has reached five months is not sufficient to justify habeas relief without further evidence that his detention has become indefinite or that it has become unconstitutionally prolong given his particular situation. Petitioner's due process claim is, therefore, dismissed without prejudice.

## III.   CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY ORDERED:

1.   Petitioner's motion for a temporary restraining order is DENIED.

2.   Petitioner's claim for violation of the INA is DISMISSED.

3.   Petitioner's claim for violation of the due process clause is DISMISSED without prejudice.

4.   The Clerk of the Court is directed to enter judgment and close the case.

**IT IS SO ORDERED.**

Dated: July 10, 2026

_____
VINCE CHHABRIA
United States District Judge

5